# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 13, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LEONORA BRIGGS, | * | |
| | * | No. 24-431V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

### DECISION DISMISSING PETITION[1]

On March 20, 2024, Leonora Briggs ("petitioner"), acting *pro se*, filed a Petition for Vaccine Compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed hypertension, hearing loss, Type II diabetes, and numerous cognitive disorders, including autism, attention deficit hyperactivity disorder ("ADHD"), obsessive compulsive disorder ("OCD"), and borderline personality disorder ("BPD") as a result of the Diptheria-Pertussis-Tetanus ("DPT") vaccine "and other childhood vaccinations" she received as an infant on November 6, 1965. *See generally* Petition (ECF No. 1); *See also* Pet'r Ex. 5 (ECF No. 1). For the reasons set forth below, petitioner's claim must be dismissed.

**I.      Procedural History**

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**.  This means the opinion will be available to anyone with access to the internet.  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Petitioner filed her Petition for Compensation on March 20, 2024, along with supporting documentation, including her birth certificate, vaccine record, a letter from her treating provider, limited medical records and an affidavit. Pet'r Ex. 1-5 (ECF No. 1).

An initial status conference was held on April 19, 2024. Following an email from petitioner to the Court and opposing counsel, a second status conference was held on May 8, 2024 to allow petitioner to present additional arguments regarding her claim.

The matter is now ripe for adjudication.

## II. Factual History

From the years 1965 through 1974, petitioner received multiple vaccines, including Diphtheria-Pertussis-Tetanus, Tetanus-Diphtheria, Smallpox, Poliomyelitis, Measles, and Rubella. *See* Pet'r Ex. 2.

In her supporting affidavit, petitioner notes that she suffers from physical conditions including "lifelong high blood pressure…digestive disorders…[and] hearing loss. Pet'r Ex. 5 at ¶ 3, 7, 8, 9. Moreover, her affidavit states that she suffers from the following cognitive disorders: "neurodiversity and autism…cognitive disorders…behavioral and/or emotional disorders, [including] difficulty with social interaction, communication, and lack of eye contact…special senses and sensory impaired disorders, [including] repetitive speech, stuttered speech, [and] social awkwardness…obsessive compulsive disorder, attention deficit hyperactivity disorder, borderline personality disorder…[and] anxiety." *Id.* at ¶ 1-2, 4-6, 9.

Petitioner filed medical records from a new patient appointment with and otolaryngologist ("ENT") on July 15, 2020, which includes what appears to be petitioner's handwritten notes. *See* Pet'r Ex. 4. The primary purpose of the visit was for hearing loss, which was noted to begin five months prior to the appointment. *Id.* at 1. The review of symptoms was positive for ear pain or itching, dizziness, loss of smell, hearing loss, ringing in the ears, and snoring. *Id.* at 2. All other symptoms were noted to be negative by the provider, however, petitioner highlighted several other symptoms, apparently indicating that she did experience additional symptoms. *Id.* A letter from another provider dated January 30, 2024 indicates that petitioner was diagnosed with Type II Diabetes on July 31, 2015 and has hypertension. Pet'r Ex. 3 at 1. No records pertaining to petitioner's cognitive disorders were filed.

## III. Legal Standard

The limitations of actions for claims filed under the Vaccine Injury Compensation Act are set forth in 42 U.S.C. § 300aa–16. Subsection (a)(1) governs claims for vaccines administered *prior to* October 1, 1988, as in petitioner's case. That section provides that:

> *In the case of a vaccine* set forth in the Vaccine Injury Table which is *administered before October 1, 1988*, if a vaccine-related injury or death occurred as a result of the administration of such vaccine, *no petition may be filed for compensation* under the Program for such injury or death *after the expiration of 28 months after October 1, 1988*, and no such petition may be filed if the first symptom or manifestation of onset or of the significant aggravation of such injury occurred more than 36 months after the date of administration of the vaccine.

§ 300aa–16(a)(1) (emphasis added). While the Federal Circuit has held that equitable tolling applies to Vaccine Act cases in limited circumstances, it has rejected the contention that equitable tolling should be applied where a petitioner is simply "unaware[] of a causal link between an injury and administration of a vaccine" before the statute of limitations deadline has passed. *Cloer v Sec'y of Health & Human Servs*, 654 F.3d 1322, 1340, 1354 (Fed. Cir. 2011). Prior decisions in the Program have also held that ignorance of the Vaccine Act does not justify equitable tolling. *See, e.g.*, *Phillips v. Sec'y of Health & Human Servs.*, No. 16-4045V, 2017 WL 1293445, at *4 (Fed. Cl. Spec. Mstr. 2017); *see also Esso Standard Oil Co. v. United States*, 559 F.3d 1297, 1305 (Fed. Cir. 2009) (holding that "ignorance of the governing statute" does not warrant application of the doctrine of equitable tolling).

The Vaccine Program was enacted to provide relief to individuals whose injuries or death qualified them or their estate for compensation under the terms of the Program. *Wiley v. United States*, 69 Fed. Cl. 733, 736 (2006). However, the financial appropriation could not possibly be large enough to ensure that all potential retrospective victims whose injuries occurred prior to the enactment of the Vaccine Program could be compensated. *Id.* Congress therefore specified a cutoff date, after which claims for injuries from vaccinations occurring prior to the Act can no longer be brought. Any claim based upon a vaccination that occurred before the Program's enactment date on October 1, 1988, had to be filed within 28 months of that date. In other words, claims based on vaccinations that occurred before October 1, 1988 must have been brought before February 1, 1991. With this in mind, the United States Court of Appeals for the Federal Circuit ruled that § 300aa–16(a)(1) is a statute of repose. *See Weddel v. Sec'y of Health & Human Servs.*, 100 F.3d 929, 932 (Fed. Cir. 1996).

A statute of repose is distinguishable from a statute of limitations in that a statute of repose runs from a determined date unrelated to the injury and does not consider the date of injury as a factor when determining the deadline for filed claims. *Wiley*, 69 Fed. Cl. at 736; *Lombardo*, 34 Fed. Cl. at 26. In *Wiley*, the Court looked to *Lombardo*'s analysis of the various factors used to conclude that § 300aa–16(a)(1) of the Vaccine Act was a statute of repose. 69 Fed. Cl. at 737. According to both courts, the most significant factor was the plain language of § 300aa–16(a)(1), which provides insight into the deadline's classification and "suggests that Congress sought to extend relief to those vaccinated before the Act went into effect, but also wanted to provide the government with a definite date after which it would no longer have to defend against any such retroactive suits." *Id.* (quoting *Lombardo*, 34 Fed. Cl. at 27).

3

### IV. Analysis

Petitioner alleges that the vaccines she received as a child in 1965 and subsequent booster vaccinations she received through 1974 caused her to develop hypertension, hearing loss, Type II diabetes, and numerous cognitive disorders. *See generally* Petition. Unfortunately, because the vaccinations at issue occurred in 1965, and, at the latest, in 1974, petitioner's claim is subject to the statute of repose found in 42 U.S.C. § 300aa–16(a)(1). Under that statute, petitioner was required to file her claim before February 1, 1991, which has long passed.

During the status conferences in this matter, petitioner argued that the discovery rule should apply, and that the statute of limitation should be tolled because she was unaware of her claim under the Vaccine Act until recently. The Federal Circuit, however, has held that there is no tolling of the statute of limitations based on the discovery rule nor on ignorance of the law. Therefore, I have no choice but to dismiss petitioner's claim as barred by the statute of limitations.

### V. Conclusion

Though I am sympathetic with petitioner for her claimed injuries, I am nevertheless constrained by the law governing petitioner's claim which is time-barred by the statute of repose imposed by 42 U.S.C. § 300aa–16(a)(1). Therefore, petitioner's claim is hereby **DISMISSED. The Clerk of Court shall enter judgment accordingly and mail a copy of this decision to petitioner.**

  **IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master